U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 1 4 2011

CHRIS R. JOHNSON, Clerk
By
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MAYME BROWN, Individually and in her Official
Capacity as Circuit Clerk of Hot Spring County, Arkansas,
and on behalf of all Circuit Clerks in the State of Arkansas                 PLAINTIFF

V.                                    CASE NO. *11-6070*

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC., A DELAWARE CORPORATION;
MERSCORP, INC.; BANK OF AMERICA, N.A.;
COUNTRYWIDE HOME LOANS, INC., N/K/A
BANK OF AMERICA, N.A.; CITIMORTGAGE, INC.;
GMAC LLC; CITIFINANCIAL MORTGAGE COMPANY;
DEUTSCHE BANK; GMAC MORTGAGE; LLC PHH
MORTGAGE CORPORATION; HSBC MORTGAGE
SERVICES, INC.; NOVASTAR MORTGAGE, INC.;
NATIONAL CITY BANK; NATIONAL CITY MORTGAGE
AND NATIONAL CITY CORP.; PNC FINANCIAL
SERVICES GROUP, INC.; AND AIG UNITED
GUARANTY CORP.; J. P. MORGAN CHASE BANK;
BANK OF ENGLAND; WELLS FARGO, N.A.;
AND JOHN DOES 1-100                                          DEFENDANTS

## DEFENDANT MORTGAGE ELECTRONIC REGISTRATION
## SYSTEMS INC.'S NOTICE OF REMOVAL

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"),

pursuant to 28 U.S.C. §§ 1331, 1332, 1348, 1367, 1441, and 1446, hereby removes

and provides notice of removal of this action from the Circuit Court of Hot Spring,

Arkansas ("Hot Spring County Circuit Court") to the United States District Court

for the Western District of Arkansas ("Western District").

1.    State Court Action.

Plaintiff Mayme Brown ("Plaintiff") filed this action against Defendants on

August 15, 2011. The case is styled Mayme Brown, individually and in her Official

Capacity as Circuit Clerk of Hot Spring County, Arkansas, and on behalf of all

Circuit Clerks in the State of Arkansas v. Mortgage Electronic Registration System,

Inc., a Delaware Corporation; Merscorp, Inc.; Bank of America, N.A.; Countrywide

Home Loans, Inc., n/k/a Bank of America, N.A.; Citimortgage, Inc.; GMAC LLC;

Citifinancial Mortgage Company; Deutsche Bank; GMAC Mortgage, LLC; PHH

Mortgage Corporation; HSBC Mortgage Services, Inc.; Novastar Mortgage, Inc.;

National City Bank; National City Mortgage and National City Corp.; PNC

Financial Services Group, Inc.; and AIG United Guaranty Corp.; J. P. Morgan Chase

Bank; Bank Of England; Wells Fargo, N.A.; and John Does 1-100, and designated

Hot Spring Circuit Court Case No. 30CV-2011-193-1. However, the only

Defendants identified as Defendants in both the caption and the body of the

Complaint, against whom allegations are made and from whom relief is sought are:

Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., Countrywide

Home Loans, Inc., J.P Morgan Chase Inc. dba Chase Home Mortgage Corp., N.A.,

Citimortgage, Inc., GMAC Mortgage, LLC, Wells Fargo Bank, N.A.; "Doe"

Defendants; and Bank of England.[1]  Compl. at ¶¶ 6-12; 14.

### 2.    MERS' Receipt of Plaintiff's Initial Pleading.

MERS was served with copies of the Summons and Plaintiff's Complaint on August 16, 2011.

### 3.    The Nature of the Cause of Action in the Complaint.

Plaintiff's Complaint alleges that Defendants failed to properly record mortgages, falsely recorded mortgages, and failed to pay recording fees, which allegedly deprived counties of additional revenue in the form of recording fees. Compl. at ¶ 120.  Plaintiff seeks relief both in equity and at law against Defendants for unjust enrichment, illegal exaction, and violations of the Arkansas Deceptive Trade Practices Act.  Compl. at ¶¶ 106-117.  Plaintiff Mayme Brown brings a claim for illegal exaction on behalf of "all Arkansas citizen-taxpayers."  Compl. at ¶ 114.

### 4.    Removal of State Court Action.

Under 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be

---

[1]    The additional defendants named in the caption: MERSCORP, Inc.; Citifinancial Mortgage Co.; Deutsche Bank; PHH Mortgage Corp.; HSBC Mortgage Services, Inc.; Novastar Mortgage, Inc.; National City Bank; National City Mortgage and National City Corp.; PNC Financial Services Group, Inc.; and AIG  United Guaranty Corp. have not been served with the Complaint, nor are they identified in the Complaint as Defendants.  Defendant Countrywide Home Loans, Inc. ceased to exist in 2009.  See infra fn. 6.  There is no such entity as J. P. Morgan Chase Inc. or Chase Home Mortgage Corp.  See infra, fn. 4.  No relief is sought from Bank of England, which was fraudulently joined.  See infra, 5(b)(ii).

removed by the defendant or the defendants . . . to the district court of the United

States for the district and division embracing the place where such action is pending."

This action is removable under 28 U.S.C. §1441(a) because the district court has

original jurisdiction under 28 U.S.C. §§ 1332 (a) and (d), venue is proper in the Hot

Springs Division of the Western District of Arkansas, and this Notice of Removal is

timely filed.

     5.    The Court Has Original Jurisdiction Over Plaintiff's Action.

     This Court has diversity jurisdiction under both 28 U.S.C. §1332 (a) and (d).

Original jurisdiction under 28 U.S.C. §1332 (d)(2) exists because Plaintiff seeks to

bring claims on behalf of "the class composed of all Arkansas citizen-taxpayers," a

class with more than 100 members; the matter in controversy exceeds $5,000,000;

any member of the class is a citizen of a State different from any defendant; and no

significant relief is sought from a defendant who is a citizen of Arkansas, nor was the

conduct alleged to have caused harm perpetuated by a defendant who is a citizen of

Arkansas.

     Additionally, and alternatively, original jurisdiction exists under 28 U.S. §

1332(a) because this action is between citizens of different states and the amount in

controversy exceeds $75,000. See 28 U.S.C. § 1332(a) ("[t]he district courts shall

have original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between – (1)

citizens of different States . . . ").

      a.     Subject Matter Jurisdiction Exists Under 28 U.S.C. § 1332(d).

Under 28 U.S.C. § 1332(d)(2), federal courts have original jurisdiction of "any civil

action in which the matter in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs, and is a class action in which—(A) any member of a

class of plaintiffs is a citizen of a State different from any defendant." The statute

also requires that the class of plaintiffs consist of more than 100 members. 28 U.S.C.

§ 1332(d)(5)(B).

      (i)     Multiple Defendants Are Citizens of States Other Than
             Arkansas.

    The Complaint identifies and makes allegations against the following

Defendants: Mortgage Electronic Registration System, Inc.; Citimortgage, Inc.;

GMAC Mortgage LLC; Bank of America, N.A.; Countrywide Home Loans, Inc.[2];

Wells Fargo National Bank, N.A.; J.P. Morgan Chase, Inc. dba Chase Home

Mortgage, LLC[3]; Bank of England; and Doe Defendants (collectively, "Defendants").[4]

---

[2]    Countrywide Home Loans, Inc. does not exist. See infra, fn. 6.

[3]    No entity named J.P. Morgan Chase, Inc. exists. Likewise, there is no entity
known as "Chase Home Finance, LLC." JPMorgan Chase Bank, N.A. exists and
in May 2011, prior to the filing of this Complaint, JPMorgan Chase Bank, N.A.
wholly acquired its subsidiary, Chase Home Finance, LLC.

[4]    As discussed, the caption of the case names other defendants. However, these
entities are never identified or discussed in the Complaint, no allegations are
made against these entities, and no relief is sought from these entities. As such,

Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Defendant Mortgage Electronic Registration System, Inc. ("MERS") is, and was at the time this action commenced, a Delaware corporation, with its principal place of business in Virginia.[5]  Defendant Citimortgage, Inc. ("Citimortgage") is a New York corporation with its principal place of business in Missouri. Defendant GMAC Mortgage LLC ("GMAC") is a limited liability company. A limited liability company is a citizen of every state in which its members are citizens. GMAC has no members that are citizens of Arkansas.

Pursuant to both 28 U.S.C. § 1348 and the United States Supreme Court's decision in Wachovia Bank, NA v. Schmidt, 546 U.S. 303, 306-307 (2006), a national banking association is deemed to be a citizen of the state where its main office is located. Defendant Bank of America, N.A. ("BofA") is, and was at the time this action commenced, a national association with its main office in North Carolina. At the time this action commenced, Defendant Countrywide Home Loans, Inc. no longer existed, having been acquired by Bank of America, N.A., thus, its citizenship is

---

these entities are not currently defendants to the claims in this lawsuit, and are not relevant for purposes of removal jurisdiction.

[5]    MERSCORP, Inc. was not identified in the Complaint itself as a Defendant, nor was it served with the Complaint. However, it is also a Delaware corporation with a principal place of business in Virginia.

the same as that of Bank of America, N.A.[6] Defendant Wells Fargo Bank, N.A.

("Wells Fargo") is a national association with its main office in South Dakota.

Defendant JPMorgan Chase, Inc. was incorrectly named, as no such entity

exists. Likewise no entity named Chase Home Mortgage Corporation exists.

JPMorgan Chase Bank, N.A. ("JPMC") acquired Chase Home Finance, LLC on May

1, 2011. JPMorgan Chase Bank, N.A. is a national association with its main office in

Ohio.

The inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on

removability. 28 U.S.C. § 1441(a) ("[f]or purposes of removal, the citizenship of

defendants sued under fictitious names shall be disregarded."). Plaintiff also alleges

that Defendant Bank of England is a citizen of Arkansas. Compl. at ¶12.[7]

---

[6]    Countrywide Home Loans, Inc. was a subsidiary of Countrywide FSB, which
converted to Countrywide Bank, N.A.. Following the conversion, in 2009, Bank
of America, N.A. acquired Countrywide Bank, N.A., in a public sale, pursuant to
orders of the FDIC and the Office of Thrift Supervision (now the Office of the
Comptroller of the Currency). As such, Countrywide Home Loans, Inc. ceased to
exist over two years ago, prior to the filing of Plaintiff's Complaint. Pursuant to
the acquisition, for purposes of diversity jurisdiction, the citizenship of
Countrywide Home Loans, Inc. is the same as that of Bank of America, N.A.,
however, Bank of America, N.A. did not succeed to the liabilities of Countrywide
Home Loans, Inc.

[7]    Plaintiff's Complaint also makes reference to "Wilson and Associates, PLLC,"
which Plaintiff alleges is an Arkansas corporation. However, Wilson and
Associates, PLLC is not named in the caption, no relief is sought from Wilson
and Associates and it is not identified or named as a Defendant anywhere in the
Complaint. As such, Wilson and Associates is not a party to the lawsuit, and is
not relevant to the removal of this action.

(ii)     The Primary Defendants Are Not Citizens of Arkansas.

Section 1332(d)(2) does not require complete diversity between all plaintiffs

and all defendants in an action. Instead, in any class action where the proposed class

consists of more than 100 plaintiffs, it requires that "any member of a class is a

citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A) &

(d)(5). Plaintiff's Complaint is brought on behalf of two classes: "all other Circuit

Clerks and Recorders in the State of Arkansas," (Compl. at ¶3); and "the class

composed of all Arkansas citizen-taxpayers." Compl. at ¶114. The class composed of

all citizen-taxpayers in the State of Arkansas has over 100 members. As such, this

actions meet the first requirement for 28 U.S.C. § 1332(d) to apply. Additionally, all

the proposed plaintiffs are citizens of the State of Arkansas (Compl. at ¶114), and all

the Defendants with the exception of the Bank of England are citizens of states other

than Arkansas. Supra. at 5(a)(i); Compl. at ¶¶ 6-12. Thus, all the requirements for

removal under 28 U.S.C. 1332(d) are met.

(iii)    No Exception Applies to the Court's Exercise of Original
         Jurisdiction Under Section 1332(d).

Not only does the Complaint meet the requirements for original jurisdiction

under Section 1332(d), but the three exceptions to jurisdiction under 28 U.S.C. §

1332(d)(2) do not apply here. The first exception provides that a district court may

"decline to exercise jurisdiction under paragraph (2) over a class action in which

greater than one-third but less than two-thirds of the members of all proposed

8 of 23

plaintiff classes in the aggregate and the *primary defendants* are citizens of the State in

which the action was originally filed." 28 U.S.C. § 1332(d)(3)(emphasis added).

Here, the action was originally filed in the State of Arkansas and, as discussed, none

of the primary defendants are citizens of Arkansas.  The only defendant alleged to be

a citizen of the State of Arkansas is Bank of England, however, as discussed infra at

(b)(ii), none of the claims in the lawsuit are directed to Bank of England, nor does

Plaintiff assert that any of the conduct that allegedly forms the basis of Plaintiff's

claims belongs to Bank of England, nor is any relief sought from Bank of England.

Thus, Bank of England is not a "primary defendant" and the first exception is

inapplicable here.

> The second exception provides that:
>
> A district court shall decline to exercise jurisdiction under
> paragraph (2)
>
> (A)(i) over a class action in which—
>
> (I) greater than two-thirds of the members of all proposed
> classes in the aggregate are citizens of the State in which
> the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
> (aa) from whom significant relief is sought by members of
> the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the
> claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was
> originally filed

28 U.S.C. § 1332(d)(4).  Here, all the members of the proposed class are citizens of

the State in which the action was originally filed—Arkansas. The only defendant

who is a citizen of Arkansas is Bank of England. But none of the conduct that

Plaintiff alleges forms the basis for the claims asserted is attributed to Bank of

England and no significant relief is sought from Bank of England by the proposed

classes. The claims in this lawsuit allege multiple failures to record property

instruments, and the creation of fraudulent transfers of property. Compl. at ¶¶ 106-

117. But the sole allegation against Bank of England is that it "solicited loans on

behalf of one or more Defendants." Compl. at ¶ 12. This lone allegation is unrelated

to the harm at issue in this lawsuit. Thus, the second exception is also inapplicable

here.

The third and final exception to 28 U.S.C. § 1332(d)(2) provides that a

district court shall decline to exercise jurisdiction over a class in which "two-thirds or

more of the members of all proposed plaintiff classes in the aggregate, and the *primary*

*defendants*, are citizens of the State in which the action was originally filed." 28

U.S.C. § 1332(d)(4)(B) (emphasis added). Here, while all the proposed plaintiffs are

citizens of the State of Arkansas, none of the primary defendants are citizens of

Arkansas. As such, this exception is also inapplicable here, and the citizenship

requirements of 28 U.S.C. § 1332(d)(2) have been met.

(iv)    The Amount in Controversy Requirement is Met.

Once the citizenship requirements have been met, 28 U.S.C. § 1332(d)(2) also

requires that the amount in controversy "exceed[] the sum or value of $5,000,000."
28 U.S.C. § 1332(d)(2). The statute further provides that "the claims of the
individual class members shall be aggregated to determine whether the matter in
controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6). In
determining whether the jurisdictional amount has been satisfied "[t]he amount
stated in the petition is not determinative. It is the substance of the claim, not the
conclusory recitation of its worth, that will determine if federal jurisdiction is extant."
City of University City v. AT&T Wireless Servs., Inc., 229 F. Supp.2d 927, 933
(E.D. Mo. 2002).

Here, Plaintiff alleges that Defendants failed to pay recording fees on
mortgages where MERS is the "beneficiary." Plaintiff claims that MERS is the
beneficiary in "thousands of recorded documents in the counties in the State,"
(Compl. at ¶¶ 18, 23), and that Defendants failed to pay recording fees on all of the
following: each of the thousands of mortgages naming MERS as beneficiary; "all
securitized mortgage trusts;" every "event of foreclosure" of a MERS mortgage; and
all notes assigned to mortgage backed security entities, securitized mortgage investor
pools, mortgage loan pools, special purpose vehicles, or real estate mortgage
investment conduits. Compl. at ¶¶ 30, 33, 38. Additionally, Plaintiff asserts that
"Defendants prepared and/or recorded false documents, including security
instruments (e.g. mortgages), notices of declaration of default, notices of default,

notices of appointment of substitute trustees, notices of sale, trustees deeds upon sale, and other documents for the purpose of avoiding and/or decreasing their obligation to pay recording fees." Compl. at ¶ 120. Plaintiff seeks monetary damages in the amount of all the allegedly unpaid fees, compensatory damages, and the award of a class incentive.[8] Compl., Wherefore Clause at ¶¶ 1-8.

While recording fees in the State of Arkansas can vary by county, counties typically charge $15.00 for the first page of each additional instrument, and $5.00 for each additional page. Mortgage documents, which consist of multiple instruments, carry an additional $15.00 fee for each additional instrument. For example, Crawford County charges $15.00 for the first page of each instrument, and $5.00 for each additional page, with an additional $15.00 fee for mortgage instruments.[9] Likewise, Saline County, Faulkner County, and Benton County each charges $15.00 for the first page of each instrument, and $5.00 for each additional page, with an additional $15.00 fee for mortgage instruments.[10] The aggregate of the many

---

[8] Plaintiff also seeks equitable relief.

[9] See e.g., Crawford County recording fees at http://www.crawford-county.org/circuitclerk/recording_fees.aspx, September 12, 2011.

[10] See e.g., Saline County website, Real Estate Recording Fees and Requirements at: http://www.salinecounty.org/index.php?option=com_content&view=article&id=67&Itemid=52, September 12, 2011. See also, Faulkner County recording fees at: http://www.faulknercounty.org/index.php?option=com_content&view=article&id=8&Itemid=11, September 12, 2011, Benton County recording fees at http://www.co.benton.ar.us/Static/CircuitClerk/fees_print.html, September 12,

thousands upon thousands of allegedly unpaid fees, the compensatory damages requested, and a class incentive, amounts to more than $5,000,000.

Plaintiff's Complaint thus meets both the citizenship and the amount in controversy requirements of 28 U.S.C. § 1332(d)(2), and no exception to the statute applies. As such, this Court has original jurisdiction of this action under 28 U.S.C. § 1332(d)(2), and this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

> (b) Subject Matter Jurisdiction Exists Under 28 U.S.C. § 1332 (a) Due to Plaintiff's Fraudulent Joinder of Bank of England.

Additionally, and alternatively, subject matter jurisdiction exists under 28 U.S.C. § 1332(a). Section 1332(a) provides that federal courts have original jurisdiction of "all civil actions where matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff's Complaint also meets these requirements.

> (i) There is Complete Diversity of Citizenship Among the Parties.

Here, there is complete diversity among the parties. At the time Plaintiff's Complaint was filed, Plaintiff Mayme Brown was, and still is, a citizen of the State of

---

2011.

Arkansas. Compl. at ¶ 3. The Complaint proposes two classes: one consisting of all Circuit Clerks and Recorders in the State of Arkansas, (Compl. at ¶ 3); and the other of "all Arkansas citizen-taxpayers." Compl. at ¶ 114. Thus, all putative class members are citizens of the State of Arkansas.

As discussed, the Complaint names as Defendants: MERS; MERSCORP; Citimortgage; GMAC; BofA; Countrywide Home Loans, Inc.[11]; Wells Fargo; JPMC; Bank of England; and Doe Defendants.[12] And as discussed, MERS is a citizen of Delaware and Virginia; Citimortgage is a citizen of New York and Missouri; GMAC is a citizen of every state in which its members are citizens, and no members are citizens of Arkansas; BofA, and Countrywide Home Loans, Inc. are citizens of South Dakota; and JPMC is a citizen of Ohio. The citizenship of the "Doe" defendants is disregarded for purposes of diversity jurisdiction, and as such, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on removability. 28 U.S.C. § 1441(a) (stating that for purposes of removability, the citizenship of defendants sued under fictitious names shall be disregarded). For purposes of diversity jurisdiction, none of these Defendants is a citizen of the State of Arkansas.

The Complaint alleges that one Defendant, Bank of England, is a citizen of

---

[11]   See supra, fn. 6.

[12]   See supra, fn. 5.

Arkansas. Compl. at ¶12.[13] The citizenship of this single defendant should be disregarded in a determination of diversity jurisdiction because it was purposefully and fraudulently joined to defeat diversity. A fraudulently joined defendant will not defeat removal on diversity grounds, and complete diversity exists among the parties to this lawsuit. See infra, 5(b)(ii).

(ii)   Bank of England was Fraudulently Joined to This Action.

The doctrine of fraudulent joinder prevents a plaintiff from naming a defendant of the same citizenship in a complaint merely to avoid removal of the action to federal court. Kohl v. American Home Products Corp., 78 F. Supp.2d 885, 888 (W.D. Ark. 1999). "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983) (quoting Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979). A removing party demonstrates that a defendant was fraudulently joined to an action by showing either that: (1) "there is no reasonable basis in fact and law supporting the claim stated against the resident defendant;" or (2) "the plaintiff has no real intention of prosecuting the action

---

[13]   Plaintiff's Complaint also makes reference to "Wilson and Associates, PLLC," which Plaintiff alleges is an Arkansas corporation. However, Wilson and Associates, PLLC is not named in the caption, no relief is sought from Wilson and Associates and it is never identified as a Defendant anywhere in the Complaint. As such, Wilson and Associates is not relevant to the removal of this action.

against the defendant." Casper v. Mony Life Ins. Co. of Am., 2005 U.S. Dist. LEXIS 40343, *5 (E.D. Mo. 2005); see also Menz v. New Holland N.A., Inc., 440 F.3d 1002, 1005 (8th Cir. 2006).

Here, Plaintiff named Bank of England as a defendant to defeat removal of this action. Plaintiff's complaint sets forth no legal or factual basis for which Bank of England, the sole Arkansas citizen defendant, could be held liable to Plaintiff. Instead, Plaintiff only alleges that Bank of England performed the innocuous act of "solicit[ing] loans on behalf of one or more Defendants." Compl. at ¶ 12. Plaintiff does not allege, as she did with all the Defendants who are not citizens of Arkansas, that Bank of England originated or serviced any of the referenced mortgages or that Bank of England was responsible for paying any recording fees (or for avoiding the payment of any recording fees).

Plaintiff's complaint asserts three causes of action, purportedly against all Defendants, for: (1) violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"); (2) unjust enrichment; and (3) illegal exaction. Compl. at ¶¶106-117. The lone factual allegation directed at Bank of England cannot serve as a basis for any of the three causes of action alleged.

First, Plaintiff's allegation that Bank of England solicited loans on behalf of one or more Defendants cannot support a claim under ADTPA. A plaintiff who has suffered actual damage or injury may bring an action under ADTPA against a party

that has engaged in an unconscionable, false, or deceptive act or practice in business, commerce, or trade. See Ark. Code Ann. § 4-88-107(a)(10). The elements of such a cause of action are: (1) a deceptive consumer-oriented act or practice which is misleading in a material respect; and (2) an injury resulting from such an act. Forever Green Athletic Fields, Inc. v. Lasiter Const., Inc., 2011 Ark. App. 347, __ S.W.3d __, 2011 WL 1784530 (May 11, 2011). Here, Plaintiff does not allege that Bank of England's conduct satisfies either element. Plaintiff does not contend that Bank of England's solicitation of loans was deceptive or misleading in any way, let alone misleading in any material respect. Also, Plaintiff sets forth no basis for concluding that Bank of England's solicitation of loans was the cause of any injury to Plaintiff—direct or otherwise. As such, Plaintiff's ADTPA claim against Bank of England has no basis—plausible or otherwise—in fact or law. See Forever Green Athletic Fields, Inc., 2011 Ark. App. 347, __ S.W.3d __, 2011 WL 1784530 (affirming dismissal of plaintiff's ADTPA claim because it failed to allege any specific false representations or acts by the defendant). And accordingly, Plaintiff's ADTPA claim fails against Bank of England.

Second, Plaintiff's unjust enrichment cause of action must fail against Bank of England, because the complaint contains no allegation that Bank of England received or retained any improper benefit. An action premised on unjust enrichment requires that an individual receive money or benefits under such circumstances that, in equity

and good conscience, the individual should not be allowed to retain the money or

benefit. See Merchants & Planters Bank & Trust Co. of Arkadelphia v. Massey, 302

Ark. 421, 424, 790 S.W.2d 889, 891 (1990). Glaringly absent from Plaintiff's

Complaint is any allegation that Bank of England received any money or other

benefit from Plaintiff. And even assuming that the failure to pay recording fees could

constitute the receipt of a benefit—which it does not—Plaintiff concedes that Bank

of England did not individually benefit from not paying those fees. Compl. at ¶ 113.

Thus, Plaintiff also fails to set forth any colorable basis for an unjust enrichment

claim against Bank of England, and the claim fails.

Third, Plaintiff's illegal exaction claim also fails against Bank of England. A

"public funds" illegal exaction suit requires the plaintiff to show that funds generated

from tax dollars or otherwise arising from taxation are being misapplied or illegally

spent. See Austin v. Centerpoint Energy Arkla, 365 Ark. 138, 146-47, 226 S.W.3d

814, 820 (2006); Western Foods, Inc. v. Weiss, 228 Ark. 140, 147, 992 S.W.2d 100,

102 (1999). As discussed above, Plaintiff has not offered any basis to conclude that

Bank of England would have been required to pay recording fees in its role of

soliciting loans on behalf of other Defendants. Further, recording fees are fees[14], and

---

[14]    The distinction between a fee and a tax is that a fee is charged by the government
to a party for the provision of a beneficial service to that party, whereas a tax is
imposed on the public for general revenue purposes. See Harris v. City of Little
Rock, 344 Ark. 95, 105, 40 S.W.3d 214, 221 (2001). A recording fee is a fee, as
opposed to a tax, because it is charged only to those persons seeking the benefits

not tax dollars, and thus fall outside the purview of an illegal exaction suit. <u>See</u>
<u>Austin</u>, 365 Ark. at 146-47, 226 S.W.3d at 820 (affirming the dismissal of an illegal
exaction claim premised on a fee that plaintiff sough to mischaracterize as a tax).
Thus, Plaintiff's illegal exaction claim against Bank of England also has no basis in
fact or law, and necessarily fails.

As a final matter, Plaintiff includes certain allegations that resemble conspiracy
in her Complaint, but fails to bring any cause of action grounded in conspiracy.
Compl at ¶¶ 106-117. And even if Plaintiff included a conspiracy cause of action in
the Complaint, it would necessarily fail because Arkansas does not recognize civil
conspiracy as a separate tort, requiring instead that a claim for conspiracy be based
on some underlying tortious activity. <u>See</u> <u>Varner v. Peterson Farms</u>, 373 F.3d 1011,
1016 (8th Cir. 2004). As discussed above, each of the three causes of action brought
in the complaint fails as a matter of law as to Bank of England, and thus none of the
three causes of action could serve as the underlying tort for a conspiracy claim against
Bank of England.

In sum, there is no factual or legal support for any of Plaintiff's claims against
Bank of England. Indeed, Plaintiff's decision to include Bank of England as a
Defendant in this action serves no purpose other than to defeat this Court's diversity
jurisdiction. The doctrine of fraudulent joinder prevents Plaintiff from destroying

---

conferred by recording an interest in land and is otherwise fair and reasonable.

diversity by such improper means and allows Defendants to remove this action to federal court. See Menz, 440 F.3d at 1005 (affirming the district court's decision not to remand the action to state court, because plaintiff asserted no colorable claim against the resident defendant). Because of Plaintiff's fraudulent joinder of Bank of England, the citizenship of Bank of England is disregarded for purposes of diversity jurisdiction. Accordingly, complete diversity exists between the putative class member plaintiffs and Defendants.

(iii)    The Amount in Controversy Requirement is Met.

Once the citizenship requirements have been met, 28 U.S.C. § 1332(a) requires that the amount in controversy "exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a). Here, the jurisdictional amount required diversity jurisdiction is met because Plaintiff's alleges that the amount in controversy exceeds the sum of $75,000.00. 28 U.S.C. § 1332(a). Specifically, Plaintiff requests "compensatory damages exceeding seventy-five thousand dollars." Compl. at ¶ 3.

Thus, this action is between and among citizens of different states, and the amount in controversy is greater than $75,000.00. As such, under 28 U.S.C. § 1332(a), this Court has original jurisdiction over this lawsuit and, pursuant to 28 U.S.C. § 1441(a), this cause is properly removed to this Court.

6.    Defendants Consent to Removal.

All properly joined and served Defendants consent to this Removal.

7.    Venue is Proper.

The United States District Court for the Western District of Arkansas, Hot Springs Division embraces the county in which the state court action is now pending, and thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§1441(a), 1446(a).

8.    The Notice of Removal is Timely.

Pursuant to 28 U.S.C. §1446(b), this removal is timely because 30 days have not elapsed since the Complaint was served upon MERS.

9.    The State Court Pleadings Are Filed With This Notice.

Pursuant to 28 U.S.C. §1446(a), MERS is simultaneously filing with this Notice copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Hot Spring County Circuit Court, in this removed action. See Exhibit A, Hot Spring County Circuit Court File. Pursuant to 28 U.S.C. §1446(d), MERS is providing written notice to Plaintiff, by and through her counsel, and to the Clerk of the Hot Spring County Circuit Court. See Exhibit B, Notice of Removed Action.

In filing this Notice of Removal, MERS does not waive, and specifically reserves, all defenses, exceptions, rights and motions. No statement herein or omission herefrom shall be deemed to constitute an admission by MERS of any of the allegations of or damages sought in the Complaint.

WHEREFORE, MERS removes this action from the Circuit Court of Hot

Spring County, Arkansas, Civil Division to the Hot Spring Division of the United

States District Court for the Western District of Arkansas.

> WATTS, DONOVAN & TILLEY, P.A.
> 200 RIVER MARKET AVENUE, SUITE 200
> LITTLE ROCK, AR 72201-1769
> (501) 372-1406
> (501) 372-1209 FAX

By: _____

DAVID M. DONOVAN (81184)

AND

> ROBERT M. BROCHIN (FLA. BAR NO. 319661)
> MORGAN, LEWIS & BOCKIUS LLP
> 5300 WACHOVIA FINANCIAL CENTER
> 200 SOUTH BISCAYNE BLVD.
> MIAMI, FL 33131-2339
> (305) 415-3456
> (305) 415-3001 FAX

## CERTIFICATE OF SERVICE

I, David M. Donovan, hereby certify that a copy of the above and foregoing pleading was mailed to all attorneys of record as listed below this 13 day of September, 2011.

Mr. Luther Oneal Sutter
Harrill & Sutter, P.L.L.C.
P.O. Box 2012
Benton, AR 72018-2012

Mr. Don Spears
Mr. Bryan Huffman
Spears Huffman, PLLC
124 N Market Street
Benton AR 72015

DAVID M. DONOVAN